UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MARTINO CARTER,

                Defendant.

**REPORT, RECOMMENDATION
AND ORDER**

1:26-cr-0025(LJV)(JJM)

---

Defendant Martin Carter is charged in a four-count Indictment [20][1] with possessing, with intent to distribute, marijuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D); possessing a firearm in furtherance of a drug trafficking crime in violation of §924(c)(1)(A)(i); being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8); and possessing a firearm and ammunition while subject to a domestic violence protective order in violation of 18 U.S.C. §§922(g)(8) and 924(a)(8). The charges arise from evidence seized from a search warrant executed at Carter's home in June 2025, and from a custodial interview conducted the same day. *See* [1] at 6-7.

Before the court is Carter's motion to suppress "self-incriminating" statements he made to law enforcement after his arrest.[2] [25] at 6. The government cross-moved for reciprocal discovery. [26] at 24-25. The motions were referred to me by District Judge Lawrence J. Vilardo for initial consideration. [22].

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2] Carter's counsel confirmed via email correspondence to the court that the remaining portions of the motion are resolved.

Having considered the parties' submissions [25, 26], for the following reasons the government's cross-motion is granted, and I recommend that Carter's motion be denied.

## BACKGROUND

The charges against Carter arise from execution of a search warrant at Carter's residence in June 2025.  [25] at 5; [26] at 2.  The search resulted in recovery of two firearms, ammunition, other firearms accessories, and approximately 25 pounds of suspected marijuana.  [26] at 2.  Carter was taken into custody and interviewed in a recorded interrogation room at the Erie County Sheriff's Office.  [25] at 5; [26] at 2.  Law enforcement read to Carter, and Carter signed, a Miranda[3] waiver prior to the interview.  Id.  During the interview, Carter admitted to possessing the firearms and the marijuana.  [26] at 2.

## DISCUSSION

**A.    Carter's Motion to Suppress Custodial Statements**

Carter moves to suppress the statements he made during his custodial interview. He acknowledges that he signed the Miranda waiver prior to speaking with law enforcement officers.  [25] at 5.  He nonetheless argues that a hearing is necessary to determine whether: 1) the Miranda warnings were administered; 2) he "knowingly and voluntarily" waived his rights; and 3) the statements were the product of coercion or improper law enforcement conduct.  Id. He argues:

> "[T]he circumstances surrounding the alleged interrogation raise substantial doubt as to whether the defendant knowingly and intelligently waived the right to remain silent and the right to counsel.  Upon information and belief, the defendant was subjected to questioning under circumstances that were inherently coercive and failed to ensure a meaningful understanding of the constitutional rights at issue."

---

[3]    Miranda v. Arizona, 284 U.S. 436 (1966).

Id. at 7.  The government argues that Carter's motion must be dismissed because he did not submit any affidavit with his moving papers, in violation of the court's order to the contrary. [26] at 8.

I agree with the government.  "A defendant seeking . . . suppression . . . is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999). *See also* United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question").

"To meet that burden a defendant must, at a minimum, present his . . . claim through an affidavit of an individual with personal knowledge of the relevant facts." Longo, 70 F. Supp. 2d at 248. *See also* United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("[t]he law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge"). "[A]n attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

My Scheduling Order cautioned the parties that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing".  [24], ¶2.

Despite his awareness of this requirement, Carter did not submit an affidavit or a declaration with his pretrial motion. *See generally* [25].  Accordingly, Carter has presented no

evidence to support his allegation that his waiver was not knowing and voluntary, or that it was the product of coercion or law enforcement misconduct. *See* [26] at 13.

Finally, Carter did not submit a reply in further support of his motion to suppress, despite having the opportunity to do so. *See* [24], ¶4 ("[r]eplies, if any, shall be filed by March 27, 2026"). He failed to rebut the government's characterization of the video evidence of his interview, which captured the Buffalo Police Department detective reading Carter each of his Miranda rights, Carter providing verbal acknowledgement of his rights, and agreeing both verbally and in writing to waive them:

> "The entire action is recorded. It is unclear from defense counsel's motion what he disputes from the recorded footage. Carter was informed of the search warrant. He was read his *Miranda* rights. He signed the *Miranda* rights waiver acknowledging his rights and that he understood them. His demeanor and the agents' demeanor are clearly captured."

[26] at 11. For these reasons, I recommend that defendant's motion be denied.

## B.      The Government's Cross-Motion for Reciprocal Discovery

The government cross-moves for production of reciprocal discovery pursuant to Rule 16(b). [26] at 24. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Carter has not opposed this request. Therefore, it is granted.

## CONCLUSION

For these reasons, the government's cross-motion [26] for reciprocal discovery is granted, and I recommend that Carter's motion to suppress [25] his statements be denied.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by April 22, 2026. Any

requests for extension of this deadline must be made to District Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated:  April 8, 2026

/s/     Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge